## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## KNOXVILLE DIVISION

| | | |
|---|---|---|
| RADIO SYSTEMS CORPORATION and PUP-PEE SOLUTIONS USA, INC., | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:13-cv-00383 |
| v. | ) ) ) | District Judge Collier |
| EMSON INC. and E. MISHAN & SONS, INC. | ) ) ) | |
| Defendants. | ) ) ) | |

## DEFENDANT E. MISHAN & SONS, INC.'S BRIEF IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING REEXAMINATION OF THE PATENT-IN-SUIT BY THE U.S. PATENT AND TRADEMARK OFFICE

## TABLE OF CONTENTS

<u>Page</u>

I. INTRODUCTION ...................................................................................................1

II. BACKGROUND ....................................................................................................1

III. ARGUMENT .........................................................................................................2

      A. Prejudice To Plaintiffs.................................................................................2

      B. Simplification Of The Issues In Question........................................4

      C. Stage Of Litigation.................................................................................5

IV. CONCLUSION......................................................................................................6

i

# TABLE OF AUTHORITIES

Page(s)

## Cases

*01 Communique Lab., Inc. v. Citrix Systems, Inc.,*
No. 06-cv-0253, 2008 WL 696888 (N.D. Ohio Mar. 12, 2008) ............................ 4

*Allied Mach. & Eng'g Corp. v. Competitive Carbide, Inc.,*
No. 1:11-cv-2712, 2013 U.S. Dist. LEXIS 145437(N.D. Ohio Oct. 8, 2013) ......... 2

*Alltech, Inc. v. Agra-Partners, Ltd.,*
No. 3:06-cv-337-R, 2007 U.S. Dist. LEXIS 78977 (W.D. Ky. Oct. 23, 2007)......... 5

*Beacon Navigation GmbH v. Suzuki Motor Corp,*
No. 13-cv-11389, 2013 U.S. Dist. LEXIS 112970 (S.D. Mich. Aug. 12, 2013) ..... 2

*Gould v. Control Laser Corp.,*
705 F.2d 1340 (Fed. Cir. 1983) ........................................................................... 2

*Landis v. North American Co.,*
299 U.S. 248 (1936) ........................................................................................... 2

*Lincoln Elec. Co. v. Miller Elec. Mfg. Co.,*
No. 1:06-CV-02981, 2007 U.S. Dist. LEXIS 66340 (N.D. Ohio Sept. 7, 2007)...... 5

*NetJumper Software, L.L.C. v. Google, Inc.,*
No. 04-70366, 2008 WL 2761022 (E.D. Mich. July 15, 2008) .......................... 4, 5

*Photoflex Prods. v. Circa 3 LLC,*
No. C04-03715 JSW, 2006 U.S. Dist. LEXIS 37743 (N.D. Cal. May 24, 2006) .... 3

*TData Inc. v. Aircraft Tech. Pubs.,*
No. 2:03-CV-2674, 2008 WL 77741 (S.D. Ohio Jan 4, 2008) ............................. 4

*Visual Interactive Phone Concepts, Inc. v. Samsung Telecom. Am., LLC,*
No. 11-12945, 2012 U.S. Dist. LEXIS 42857 (E.D. Mich. Mar. 28, 2012) ............. 2

Case 3:13-cv-00383-TRM-HBG   Document 18   Filed 02/18/14   Page 3 of 12   PageID #: 164

## Statutes

35 U.S.C. § 305 ...................................................................................................... 3

## Regulations

37 C.F.R. § 1.550(a) ............................................................................................... 3

iii

Case 3:13-cv-00383-TRM-HBG   Document 18   Filed 02/18/14   Page 4 of 12   PageID #: 165

Defendant E. Mishan & Sons, Inc., by and through its counsel, respectfully submits this brief in support of its motion to stay the above-captioned action pending the completion of the *ex parte* reexamination of all claims of U.S. Patent 7,584,717 ("the patent-in-suit") ordered by the U.S. Patent and Trademark Office ("PTO") on February 4, 2014 (Notaro Decl. Exh. A).

## I. INTRODUCTION

The reexamination request addresses each and every claim that has been asserted against E. Mishan & Sons, Inc. in this case.

In the interest of judicial economy, efficiency, and consistency, the instant case should be stayed pending the outcome of the PTO's reexamination of U.S. Patent 7,584,717.

Absent a stay, substantial resources of the Court and the parties will be expended in addressing and ultimately trying issues related to the claim construction, infringement, and validity of the asserted patent claims that will likely be cancelled or amended by the PTO in reexamination. Under the circumstances, a stay of this litigation is warranted.

## II. BACKGROUND

Plaintiff has sued E. Mishan & Sons, Inc. for alleged infringement of U.S. Patent 7,584,717 in connection with defendant's manufacture and offer for sale of the PetZoom Pet Park Deluxe, a portable indoor toilet for pets.

1

Defendant E. Mishan & Sons, Inc. has denied the allegations of infringement and has asserted affirmative defenses and counterclaims that the patent-in-suit is not infringed and is invalid.

In accordance with Fed. R. Civ. P. 16(b), the Court has issued a notice for a scheduling conference, scheduled for March 28, 2014.

### III. ARGUMENT

The Court's authority to order a stay of proceedings pending the outcome of a reexamination of the patent-in-suit by the PTO is part of the Court's inherent power to manage its docket. *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983); *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). "When deciding whether to grant a motion to stay pending patent reexamination courts commonly consider three factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Allied Mach. & Eng'g Corp. v. Competitive Carbide, Inc.*, No. 1:11-cv-2712, 2013 U.S. Dist. LEXIS 145437 at *3 (N.D. Ohio Oct. 8, 2013) (granting stay); *accord Beacon Navigation GmbH v. Suzuki Motor Corp*, No. 13-cv-11389, 2013 U.S. Dist. LEXIS 112970 at *12-13 (S.D. Mich. Aug. 12, 2013) (granting stay); *Visual Interactive Phone Concepts, Inc. v. Samsung Telecom. Am.*, LLC, No. 11-12945, 2012 U.S. Dist. LEXIS 42857 at *7 (E.D. Mich. Mar. 28, 2012) (granting stay). Each of these factors weighs heavily in favor of a stay.

2

### A. Prejudice To Plaintiffs

Plaintiffs will be neither prejudiced nor tactically disadvantaged by entry of the stay. To the contrary, prejudice exists for the parties should the case not be stayed. A stay will neither unduly prejudice plaintiffs nor present an unfair tactical advantage to defendants, for at least the reasons that:

• Both sides will benefit from not having to expend resources in litigating the same issues for claims simultaneously before the Court and the PTO, and by avoiding the prospect of having to relitigate issues in the Court following the conclusion of the reexamination proceedings;

• The PTO is required by statute to conduct reexamination proceedings "with special dispatch," 35 U.S.C. § 305; 37 C.F.R. § 1.550(a), and therefore resolution of the invalidity issues before the PTO will not be unduly delayed; and

• Plaintiffs have not sought preliminary injunctive relief, a tacit admission that they do not face irreparable harm for which monetary damages would be inadequate if the Court does not decide this case immediately.

Moreover, without a stay the parties will expend resources to litigate claims that likely will be invalidated or narrowed during reexamination. The potential need to duplicate fact and expert discovery efforts and repeat pre-trial and trial practice after the reexamination concludes would unduly prejudice. Such duplication of effort would also be an inefficient use of this Court's time, effort, and resources.

3

Reexamination is a statutory right, and it has been held that the delay inherent to the reexamination process does not constitute, by itself, undue prejudice. *Photoflex Prods. v. Circa 3 LLC*, No. C04-03715 JSW, 2006 U.S. Dist. LEXIS 37743, at \*5 (N.D. Cal. May 24, 2006).

### B. Simplification Of The Issues In Question

Staying the case will very likely simplify the issues and streamline the litigation by eliminating or narrowing issues for trial. According to PTO statistics, 73% of *ex parte* reexaminations have resulted in claims being changed or cancelled, while only 21% have resulted in confirmation of all claims. (Notaro Decl. Exhibit B, Item 8.) This factor weighs heavily in favor of granting a stay:

- To the extent any claims emerge from the reexamination, such claims are likely to be different from the claims currently before the Court, thereby requiring the Court and parties to retry issues if the action is not stayed;

- Allowing the PTO to apply its technical expertise would promote judicial economy;

- The expertise of the PTO will assist the Court *regardless* of the particular outcome of the reexamination; and

- Granting a stay would prevent the likelihood of the Court needing to re-decide issues after the reexamination proceedings end.

"When a claim is cancelled as a result of reexamination, there is no need to try the issue, thus simplifying litigation. When claims survive reexamination, the expert

4

view of the PTO can assist the court in determining patent validity, thus simplifying trial." (Citations omitted.) *01 Communique Lab., Inc. v. Citrix Systems, Inc.*, No. 06-CV-0253, 2008 WL 696888, *2 (N.D. Ohio Mar. 12, 2008) ("[s]tatistically speaking, there is a very small chance that all of the claims will survive reexamination without amendment."). *See also, NetJumper Software, L.L.C. v. Google, Inc.*, No. 04-70366, 2008 WL 2761022, *2 (E.D. Mich. July 15, 2008) (noting that "three quarters of the cases which have been reexamined by the Patent Office have resulted in some change in the status of the challenged patents").

Accordingly, it is highly likely that the reexamination by the PTO of the patent-in-suit will substantially narrow or even eliminate the issues confronting the parties and Court and that the issues in question will be simplified.

### C. Stage Of Litigation

The status of the case is no impediment to a stay. Other courts in the Sixth Circuit have granted stays in cases far more advanced. *01 Communique*; *TData Inc. v. Aircraft Tech. Pubs.*, No. 2:03-cv-2674, 2008 WL 77741 (S.D. Ohio Jan 4, 2008); *Lincoln Elec. Co. v. Miller Elec. Mfg. Co.*, No. 1:06-cv-02981, 2007 U.S. Dist. LEXIS 66340 (N.D. Ohio Sept. 7, 2007); *NetJumper*, 2008 WL 2761022; *Alltech, Inc. v. Agra-Partners, Ltd.*, No. 3:06-cv-337-R, 2007 U.S. Dist. LEXIS 78977, at *3-*4 (W.D. Ky. Oct. 23, 2007).

In the foregoing, the cases had not advanced to a point that warranted denying a motion to stay. In those cases, claim construction briefing had been completed, fact discovery was well under way, or trial dates were set for later in the year and early the

next year. In contrast, fact discovery in the instant case has not commenced, a Rule 26(f) conference has not been held, there so far has been no written discovery, no depositions have occurred, invalidity contentions have not been served, claim construction briefing has not yet begun, and no Markman hearing and no trial dates have been set.

Therefore, there remain several costly stages of this litigation that may be eliminated or reduced depending upon the result of the reexamination of the patent-in-suit. Accordingly, the phase of this litigation, which is in its earliest stages, warrants grant of the motion to stay.

## IV. CONCLUSION

For the reasons, a stay of proceedings is appropriate pending the conclusion of the reexamination of U.S. Patent 7,584,717.

Date: February 18, 2014      Respectfully submitted,

/s/ Edward D. Lanquist, Jr.
Edward D. Lanquist, Jr. (BPR No. 13303)
WADDEY & PATTERSON P.C.
Roundabout Plaza, Suite 500
1600 Division Street, Nashville, TN 37203
Telephone: 615-242-2400
Facsimile: 615-242-2221
Email: edl@iplawgroup.com

Angelo Notaro (Admitted *pro hac vice*)
Email: anotaromichalos.com
John Zaccaria (Admitted *pro hac vice*)
Email: jzaccaria@notaromichalos.com
NOTARO, MICHALOS & ZACCARIA P.C.
100 Dutch Hill Road
Orangeburg, New York 10962
Telephone: 845-359-7700
Facsimile: 845-359-7798

*Attorneys for Defendant/Counterclaimant*
*E. Mishan & Sons, Inc.*

7

# CERTIFICATE OF SERVICE

I hereby certify that on this 18 day of February, 2014, a true and correct copy of the foregoing document was electronically filed with the United States District Court for the Eastern District of Tennessee, and was served on all counsel by the court's electronic filing notification or via U.S. mail, postage prepaid.

Samuel F. Miller, Esq.
Maia T. Woodhouse, Esq.
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, Tennessee 37201

/s/ Edward D. Lanquist, Jr.
Edward D. Lanquist, Jr.

8